■ In the Matter of FOTOMAT CORPORATION, Respondent, v INDUSTRIAL COMMISSIONER, Appellant.—Appeal from an order of the Industrial Board of Appeals, filed May 13, 1976, which reversed the Industrial Commissioner's order that petitioner pay a uniform allowance to its employees. By an order to comply, dated December 12, 1974, petitioner was ordered to pay a uniform allowance to its employees for maintenance of required attire. The order capped an investigation of the State Labor Department into the petitioner's payment practices in the Rochester area. Pertinent here were the findings that petitioner's employees were earning the minimum wage, that they wore required uniforms supplied by the petitioner, that the petitioner offered no allowance for maintenance of the uniforms, and, therefore, petitioner was in violation of the minimum wage laws and, specifically, minimum wage Order No. 139 (12 NYCRR 139-1.7 [c]). The wage order defines a *"required uniform"* as "any item of clothing, decoration, or ornament that an employee wears at work at the request or direction of the employer * * * and which is not ordinarily used outside of employment." (12 NYCRR 139-3.9.) The parties agree that the uniforms (various dresses, pants and sweaters, as well as a scarf and dickie bearing the company's insignia) were worn at work at the employer's direction. Thus, the dispute concerns only whether the uniform was "not ordinarily used outside of employment". Petitioner produced a supervising investigator from the Department of Labor who had no personal knowledge of the present investigation, but who was able to elucidate the standards the department uses to determine whether certain clothing is considered required clothing. She first gave a broad definition: clothing is considered to be a uniform if the employer requires a "specific identical garment" be worn. She interpreted the extra-employment use criterion to exclude garments of a general description. When shown various garments, the supervisor was unable to properly identify a certain dress required by petitioner as a uniform, while she considered a certain pants suit, purchased in a retail department store hours before, to be a uniform. Petitioner then produced several employees who acknowledged wearing some of the clothing outside their place of employment, to social affairs and the like. The Industrial Board of Appeals vacated so much of the order to comply that required reimbursement for uniform allowance. The board determined that the credible evidence required the conclusion that the clothes were worn outside of employment and, thus, were not required uniforms under the regulations. On this appeal, the Industrial Commissioner argues that the board's decision is too restrictive a reading of the regulation and defeats the purpose of the minimum wage laws. Further, since part of the outfit bears the logo of the company, the clothing must be considered a uniform. Although the purposes of the wage laws are to be considered, the board's determination does not defeat those purposes. They have said, in effect, that since employees can and do wear the clothing outside the confines of their employment, the clothing should be viewed as part of the employees' wardrobe and, conse-

quently, the employees' responsibility. Nor does the logo vary this result, since only small detachable items bear the insignia. Order affirmed, with costs. Greenblott, J. P., Sweeney, Main, Mikoll and Herlihy, JJ., concur.